IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLAUDE STEELE,

      Petitioner,                No. CIV S-06-2426 DFL DAD P

     vs.

ROBERT AYERS, JR., Warden, et al.,

      Respondents.          <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. In his application, petitioner seeks review of the decision by California Board of Prison Hearings Panel (formerly, the Board of Prison Terms) finding petitioner unsuitable for parole.

        The statute that governs the power of federal courts to grant a writ of habeas corpus contains the following provision concerning the proper forum for federal habeas petitions filed by state prisoners:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have

concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Here, petitioner was convicted and sentenced in the Tehama County Superior Court which is located within the Eastern District of California. However, at the time he filed this petition petitioner was at San Quentin State Prison which is located in Marin County within the Northern District of California. Petitioner remains confined at San Quentin State Prison. Finally, the parole hearing which resulted in the decision to deny parole that petitioner now challenges was also held at San Quentin State Prison.

Through this habeas action petitioner seeks to challenge the execution of his sentence as opposed to his underlying criminal conviction. While venue is proper in a habeas action in either the district of confinement or the district of conviction under 28 U.S.C. § 2241(d), the district of confinement is the preferable forum where the action challenges the execution of a sentence. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989); see also Whitney v. Brown, No. 105CV00557 RECTAGHC, 2005 WL 1704322, at *2 (E.D. Cal. July 14, 2005) (transferring case to district where petitioner was incarcerated at the time the petition was filed and where most of petitioner's records relating to his incarcerations, parole releases and parole revocations were located).

Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California. 28 U.S.C. § 2241(d).

DATED: November 30, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
stee2426.108

2